AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT ||
|---|---|
| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA |
| **OFFENSE CHARGED**<br>18 U.S.C. Sec. 1341 -- Mail Fraud (2 counts)<br>18 U.S.C. Sec. 1001 -- False Statements (9 counts)<br>☐ Petty ☐ Minor ☐ Misdemeanor ☑ Felony<br>PENALTY: **E-filing**<br>Maximum fine    $250,000 or twice gross gain/loss<br>Maximum supervised release    3 years<br>Mandatory special assessment    $100/count | FILED<br>09 OCT 20 PM 4:12<br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>DEFENDANT - U.S.<br>► United States v. Rogelio Lorenzo Lowe (aka Roger Lowe)<br>DISTRICT COURT NUMBER<br>CR09   1013 JSW |

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Federal Bureau of Investigation & U.S. Environmental Protection Agency

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ►

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM     Joseph P. Russoniello
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    Stacey Geis

**DEFENDANT**
**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ►    Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**
PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

# United States District Court

**FILED**

FOR THE
NORTHERN DISTRICT OF CALIFORNIA
CRIMINAL DIVISION
VENUE: SAN FRANCISCO

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,
V.

**CR 09   1013   JSW**

ROGELIO LORENZO LOWE
aka
ROGER LOWE

DEFENDANT.

---

# INDICTMENT

18 U.S.C. § 1341-- Mail Fraud
18 U.S.C. § 1001-- False Statements

---

A true bill.

_____ Foreman

Filed in open court this 20 day of

October 2009

_____ Clerk

Bail, $ No process

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO |
| 2 | United States Attorney |



FILED
09 OCT 20 PM 4: 12
E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | CR 09 1013 JSW |
| Plaintiff, | ) ) | VIOLATIONS: |
| v. | ) ) ) | 18 U.S.C. § 1341 - Mail Fraud<br>18 U.S.C. § 1001 - False Statements |
| ROGELIO LORENZO LOWE,<br>a.k.a. Roger Lowe, | ) ) ) | |
| Defendant. | ) | SAN FRANCISCO VENUE |

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

At all times relevant to this Indictment:

1. The defendant, ROGELIO LORENZO LOWE, also known as ROGER LOWE, was the "training director" and owner of E&D Environmental Safety Training, Inc. ("E&D"), a safety consulting company that offered occupational training in English and Spanish for persons who perform asbestos removal. He was licensed by the California Division Department of Industrial Relations Division of Occupational Safety and Health ("Cal/OSHA") to provide such courses.

INDICTMENT - 1 -

2. E&D maintained an office and training facility in Hayward, California.

## BACKGROUND AND LEGAL FRAMEWORK

3. Asbestos is a naturally occurring fibrous mineral used in a wide range of goods and products, such as roofing shingles, ceiling and floor tiles, and insulations. The act of removing asbestos carries with it a high risk of creating airborne friable debris. Asbestos is classified as a hazardous substance and is a carcinogen. Exposure to friable asbestos is linked to diseases such as asbestosis, lung cancer, and mesothelioma.

4. The Toxic Substance Control Act ("TSCA"), Title 15 U.S.C. § 2601, regulates a variety of toxic chemicals and substances, including asbestos, and is administered by the United States Environmental Protection Agency ("USEPA"). Section 206(a) of TSCA prohibits, among other things, any persons from removing of asbestos from schools and public and commercial buildings unless that person has been trained under a program that has been either approved by USEPA, or by an accredited State whose program has been found by USEPA to be at least as stringent as the Model Accreditation Program ("MAP") developed by USEPA.

5. In 1994, USEPA issued a revised MAP (set out in 40 C.F.R. Part 763, Subpart E, Appendix C) that detailed minimum requirements for workers, supervisors, and other persons seeking accreditation to work in the asbestos abatement industry. Similarly, the MAP established minimum requirements for training course providers seeking approval of training courses. Training for asbestos abatement professions is also required under the Asbestos Hazard Emergency Response Act of 1986 ("AHERA"), which is the authority under which USEPA issues the EPA Asbestos MAP.

6. California's MAP has not yet been approved by USEPA. Thus, asbestos course providers must be accredited by either USEPA or another state. Asbestos course providers must also comply with Cal/OSHA requirements.

7. By law, asbestos course providers are required to keep for a minimum of three years onsite student records, enrollment forms, copies of certificates issued, exams, sign-in sheets, and sign-out sheets. Further, asbestos course providers must issue unique certificate numbers so that there can be a numeric listing of certificates issued statewide. Further, they must

INDICTMENT - 2 -

maintain all of the student information either in storage or electronically and must maintain copies of training materials and manuals.

8. By law, asbestos training providers must inform Cal/OSHA in writing of the starting date, time and location for each scheduled training course in advance.

9. Any person seeking accreditation as an asbestos worker must complete a 4-day training course that is eight hours per day, which includes lectures, demonstrations, at least 14 hours of hands-on training, individual respirator fit testing, and course review, and then must pass a closed-book examination. A student must complete eight hours of training for each day of training, including breaks and lunch. Training attendance is required for at least the duration specified for each course.

10. By law, asbestos course providers shall issue certificates to trainees who complete the training course and pass the closed-book examination. Each certificate is valid for one year. Each certificate must include the name, address and telephone number of the training provider that issued the certificate; the course approval number; the name of the trainee; the dates when the training course started and ended, the date of the examination (if applicable); the certificate expiration date; and the name and signature of the authorized officer of the training course provider with a written statement that the person receiving the certificate has completed the required training and passed the examination (if applicable).

11. The course provider must provide the following information to Cal/OSHA with the appropriate fees for each certified trainee within 15 business days after each course examination: the name of the training course and the course approval number; the full name of the certified trainee; the unique certificate number issued by the training provider; the home address of the trainee; and the expiration date of the certificate.

12. Cal/OSHA uses this information to develop a roster of individuals who have received a certificate of training from an approved course provider and are qualified to perform asbestos abatement.

INDICTMENT - 3 -

13. After the initial 32-hour training is complete, asbestos workers and asbestos supervisors are required to take an 8-hour refresher training course every year. A minimum of eight hours of training shall be given for the refresher training course.

**SCHEME TO DEFRAUD**

14. Beginning at a time unknown to the grand jury, but no later than May 2008, and continuing until in or about February 2009, in the Northern District of California and elsewhere, LOWE did knowingly devise and intend to devise a scheme and artifice: (A) to defraud; and (B) to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and omissions, and did use the mails to carry out and to attempt to carry out essential parts of his scheme.

Manner and Means of the Scheme to Defraud

15. As part of the scheme, LOWE advertised his services through his website, www.edest.com, stating on that website, "Our asbestos classes are from 8:00 a.m. to 4:00 p.m., our Lead classes are from 8:00 a.m. to 5:00 p.m."

16. LOWE sent course notifications to Cal/OSHA, representing that asbestos training classes would be held from 8:00 a.m. to 4:00 p.m. LOWE charged approximately $500-$600/student for the four day, 8 hour/day initial training course and approximately $200/student for the one day, 8 hour/day refresher course.

17. As part of the scheme, LOWE (a) did not teach the course for the required amount of days and hours per day, including holding classes that were no more than 25 minutes in length, (b) provided answers to the closed-book examinations that students needed to pass to become certified asbestos workers, and (c) forged tests for students that did not show up on a test day.

18. As part of the scheme, LOWE issued asbestos training certificates to the students and their employers falsely stating that the students had successfully completed asbestos training and passed the exam in accordance with federal law, specifically, TSCA, when, in fact, LOWE knew they had not.

INDICTMENT - 4 -

19. LOWE then submitted class rosters to Cal/OSHA, representing that these students had successfully completed the training, including passing the closed-book examination, when, in fact, LOWE knew that they had not. Cal/OSHA used and relied on these rosters to add the names of these students to its state list of qualified asbestos workers.

20. LOWE sent invoices to the companies employing the students, invoicing the full price of the asbestos training classes, causing these companies to believe that he provided the training for the full length of time and otherwise in compliance with applicable regulations, when LOWE knew, in fact, he had not.

21. LOWE received payments from companies employing the students, which the companies would not have made had they known that LOWE had failed to provide the proper training and examination in compliance with applicable regulations.

22. Based upon LOWE's materially false representations and material omissions of fact, companies and students routinely paid LOWE fees of up to $600 per class in exchange for a valid training certificate. These students would then perform asbestos removal without the proper training and accreditation.

## Execution of the Scheme to Defraud

*4-Day Initial Training Asbestos Course*

23. One or about July 24, 2008, LOWE sent a course notification to Cal/OSHA that he would be holding a four-day initial asbestos training course in Spanish at E&D's training facility in Hayward, California, on July 25, July 26, July 27, and July 31, 2008.

24. Between on or about July 25, 2008, and July 31, 2008, six students (referred to herein as "Student 1" through "Student 6") attended E&D's initial asbestos workers class, or portions thereof.

25. On or about July 25, 2008, the first day of the class, LOWE provided no more than five hours of training to Student 1, Student 2, Student 4, Student 5, and Student 6. Student 3 did not attend any training that day.

26. On or about July 26, 2008, the second day of the class, LOWE provided the six students with no more than six and a half hours of training.

INDICTMENT - 5 -

27. On or about July 27, 2008, the third day of the class, LOWE provided the six students with no more than 25 minutes of training.

28. On or about July 31, 2008, the fourth day of the class, LOWE provided Student 1, Student 2, Student 3, Student 4, and Student 6, with no more than two and a half hours of training. Student 5 did not attend any training that day.

29. On or about July 31, 2008, LOWE provided Student 1, Student 2, Student 3, Student 4, and Student 6 with an exam score sheet for the final examination, put all answers on the blackboard, and instructed the students to copy the answers to their test sheet. Student 5 did not take the exam and did not complete a score sheet.

30. On or about July 31, 2008, LOWE created, or caused to be created, a "Score Sheet" for Student 5, which contained the name of Student 5 and answers to each of the 50 multiple-choice questions. Student 5 did not take the exam and did not complete the score sheet. LOWE subsequently maintained this score sheet in E&D's files.

31. On or about July 31, 2008, LOWE created, signed, and issued asbestos training certificates for the six students, falsely certifying that each student had successfully completed the asbestos worker initial course and the exam in accordance with applicable federal regulations, when he knew in fact that the students had not completed the required training hours and had not passed the required closed-book examination.

32. On or about August 13, 2008, LOWE mailed to Cal/OSHA a "Student Roster Notification – Validation Form," reflecting that Students 1 through 6 had taken and passed the 4-day, 8 hour/day initial training course, when he knew the students had not.

*One-Day Refresher Course*

33. On or about August 1, 2008, LOWE sent a course notification to Cal/OSHA stating that he would be holding a one-day, eight hour asbestos contractor supervisor refresher course at E&D's training facility in Hayward, California, on August 3, 2008.

34. On or about August 3, 2008, six students including, Student 7 and Student 8, attended E&D's one day, 8 hour refresher course. LOWE provided no more than 45 minutes of training to all six students.

INDICTMENT - 6 -

35. On or about August 3, 2008, LOWE created, signed, and issued asbestos training certificates for the six students, falsely certifying that each student had successfully completed the asbestos contractor supervisor (Refresher) course in accordance with applicable federal regulations, when he knew in fact that the students had not completed the required 8 hours of training.

36. On or about August 13, 2008, LOWE mailed to Cal/OSHA a "Student Roster Notification – Validation Form," reflecting that six students, including Student 7 and Student 8, had taken and passed the asbestos contractor supervisor (Refresher) course, when he knew the students had taken no more than 45 minutes of the required eight hours of instruction.

COUNTS ONE THROUGH TWO: (18 U.S.C. § 1341 – Mail Fraud)

37. The allegations set forth in paragraphs 1-36 above are realleged and incorporated herein by reference.

38. On or about the dates set forth below, in the Northern District of California and elsewhere, to execute the scheme and artifice to defraud set forth above, the defendant,

ROGELIO LORENZO LOWE,

did knowingly cause to be deposited in post offices and authorized depositories the below listed mail matter to be delivered by the United States Postal Service and private and commercial interstate carriers:

| Count | Date of Mailing | Mailed From | Mailed To | Item Description |
|---|---|---|---|---|
| 1 | 08/12/2008 | Oakland, CA | Sacramento, CA | Course Roster |
| 2 | 08/18/2008 | Sacramento, CA | San Francisco, CA | Check from Lowe for student registration fees |

All in violation of Title 18, United States Code, Section 1341.

COUNTS THREE THROUGH TEN: (18 U.S.C. § 1001 – False Statements)

39. The allegations set forth in paragraphs 1-36 above are realleged and incorporated herein by reference.

INDICTMENT             - 7 -

40. On or about the dates stated below, in the Northern District of California, the defendant,

ROGELIO LORENZO LOWE,

did knowingly and willfully make and use a materially false writing and document, knowing the same to contain materially false, fictitious and fraudulent statements and entries in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, that each respective student had "successfully completed Section 206 of the Asbestos Worker Initial (Spanish) Course and passed the exam in accordance with (TSCA) Title II (AHERA)," when he knew they had not:

| Count | Date | Item Description |
|---|---|---|
| 3 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070834 (Student 1) |
| 4 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070835 (Student 2) |
| 5 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070836 (Student 3) |
| 6 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070837 (Student 4) |
| 7 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070838 (Student 5) |
| 8 | 07/31/2008 | Asbestos Training Certificate Number AWIS-070839 (Student 6) |
| 9 | 07/31/2008 | "Score Sheet" for Student-5's Multiple-Choice Examination |

All in violation of Title 18, United States Code, Section 1001(a)(3).

COUNTS TEN THROUGH ELEVEN: (18 U.S.C. § 1001 – False Statements)

41. The allegations set forth in paragraphs 1-36 above are realleged and incorporated herein by reference.

42. On or about the dates stated below, in the Northern District of California, the defendant,

ROGELIO LORENZO LOWE,

INDICTMENT                             - 8 -

did knowingly and willfully make and use a materially false writing and document, knowing the same to contain materially false, fictitious and fraudulent statements and entries in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, that each respective student had "successfully completed Section 206 of the Asbestos Contractor Supervisor (Refresher) Course and passed the exam in accordance with (TSCA) Title II (AHERA)," when he knew they had not:

| Count | Date | Item Description |
|---|---|---|
| 10 | 08/03/2008 | Asbestos Training Certificate Number ACSR – 0808109 ( Student 7) |
| 11 | 09/03/2008 | Asbestos Training Certificate Number ACSR – 0808110 ( Student 8) |

All in violation of Title 18, United States Code, Section 1001(a)(3).

DATED: October __, 2009

A TRUE BILL

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: _____
AUSA Stacey Geis

INDICTMENT                    - 9 -